1   AMY W. SCHULMAN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone: (212) 335-4500
    Facsimile: (212) 335-4501
4   amy.schulman@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   San Francisco, CA 94111
    Telephone: (415) 986-5900
8   Facsimile: (415) 986-8054
    sgordon@gordonrees.com
9
    MICHAEL C. ZELLERS (SBN: 146904)
10  TUCKER ELLIS & WEST LLP
    515 South Flower Street, Suite 4200
11  Los Angeles, CA 90071-2223
    Telephone: (213) 430-3400
12  Facsimile: (213) 430-3409
    michael.zellers@tuckerellis.com
13
    Attorneys for Defendants
14  PFIZER INC., PHARMACIA CORPORATION,
    AND G.D. SEARLE LLC
15
                    UNITED STATES DISTRICT COURT
16
                  NORTHERN DISTRICT OF CALIFORNIA
17
                      SAN FRANCISCO DIVISION
18

19  IN RE BEXTRA AND CELEBREX              )  MDL Docket No. 1699
    MARKETING, SALES PRACTICES AND         )
20  PRODUCTS LIABILITY LITIGATION          )  CASE NO. 3:07-cv-2691-CRB
    _____ )
21  This document relates to               )
                                           )  **PFIZER INC., PHARMACIA**
22  BELINDA ROLSTON and HOMER ROLSTON,     )  **CORPORATION, AND G.D.**
                                           )  **SEARLE LLC'S ANSWER TO**
23          Plaintiffs,                    )  **COMPLAINT**
                                           )
24      vs.                                )  **JURY DEMAND ENDORSED**
                                           )  **HEREIN**
25  PFIZER, INC., PHARMACIA CORPORATION,   )
    and G.D. SEARLE LLC, (FKA G.D. SEARLE &)
26  CO.),                                  )
                                           )
27          Defendants.                    )
    _____ )
28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1        NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as

2    "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3    ("Searle"), (collectively "Defendants") and file this Answer to Plaintiffs' Complaint

4    ("Complaint"), and would respectfully show the Court as follows:

5    **I.**

6    **<u>PRELIMINARY STATEMENT</u>**

7        The Complaint does not state in sufficient detail when Plaintiff was prescribed or used

8    Celebrex® (celecoxib) ("Celebrex®").    Accordingly, this Answer can only be drafted

9    generally.    Defendants may seek leave to amend this Answer when discovery reveals the

10   specific time periods in which Plaintiff was prescribed and used Celebrex®.

11   **II.**

12   **<u>ANSWER</u>**

13       Answering the unnumbered paragraph preceding Paragraph 1 of the Complaint,

14   Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but deny

15   that Plaintiffs are entitled to any relief or damages.    Defendants admit that, during certain

16   periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United

17   States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

18   accordance with their approval by the FDA.    Defendants admit that, during certain periods of

19   time, Celebrex® was manufactured and packaged for Searle, which developed, tested,

20   marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by

21   healthcare providers who are by law authorized to prescribe drugs in accordance with their

22   approval by the FDA.    Defendants state that Celebrex® was and is safe and effective when used

23   in accordance with its FDA-approved prescribing information.    Defendants state that the

24   potential effects of Celebrex® were and are adequately described in its FDA-approved

25   prescribing information, which was at all times adequate and comported with applicable

26   standards of care and law.    Defendants deny any wrongful conduct, deny that Celebrex® caused

27   Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the

28   Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Response to Allegations Regarding Parties**

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' age, citizenship, and marital status, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

2.      Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York.  Defendants admit that, as the result of a merger in April 2003, Pharmacia became a subsidiary of Pfizer.  Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States, including Hawaii, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3.      Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

4.      Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.  Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Celebrex® in the United States, including Hawaii and California, to be prescribed by healthcare

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    providers who are by law authorized to prescribe drugs in accordance with their approval by the

2    FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3    5.        Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

4    and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

5    are by law authorized to prescribe drugs in accordance with their approval by the FDA.

6    Defendants admit that, during certain periods of time, Celebrex® was manufactured and

7    packaged for Searle, which developed, tested, marketed, co-promoted and distributed

8    Celebrex® in the United States to be prescribed by healthcare providers who are by law

9    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

10   that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle

11   and Pharmacia became subsidiaries of Pfizer.  Defendants deny the remaining allegations in this

12   paragraph of the Complaint.

13   6.        Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

14   and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

15   are by law authorized to prescribe drugs in accordance with their approval by the FDA.

16   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

17   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

18   Celebrex® in the United States to be prescribed by healthcare providers who are by law

19   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state

20   that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

21   prescribing information.  Defendants state that the potential effects of Celebrex® were and are

22   adequately described in its FDA-approved prescribing information, which was at all times

23   adequate and comported with applicable standards of care and law.  Defendants deny any

24   wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

25   7.        Defendants state that the allegations in this paragraph of the Complaint regarding

26   "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

27   information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

28   the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

**<u>Response to Allegations Regarding Jurisdiction and Venue</u>**

8.      Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiffs claim that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs.

9.      Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly arose and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny committing a tort in the State of Texas or the State of California and deny the remaining allegations in this paragraph of the Complaint.

10.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States, including Hawaii and California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.   Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that Pfizer, Pharmacia, and Searle are registered to and do business in the States of Texas and California.  Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.   Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny committing a tort in the State of Texas, the State of Hawaii, or the State of California and deny the remaining allegations in this paragraph of the Complaint.

**<u>Response to Allegations Regarding Interdistrict Assignment</u>**

11.     Defendants state that this paragraph of the Complaint contains legal contentions to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    which no response is required.  To the extent that a response is deemed required, Defendants

2    admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

3    and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

4    Panel on Multidistrict Litigation on September 6, 2005.

5                                        **Response to Factual Allegations**

6    12.    Defendants are without knowledge or information sufficient to form a belief as to the

7    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

8    Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

9    paragraph of the Complaint.

10   13.    Defendants are without knowledge or information sufficient to form a belief as to the

11   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical

12   condition or whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state

13   that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

14   prescribing information.  Defendants state that the potential effects of Celebrex® were and are

15   adequately described in its FDA-approved prescribing information, which was at all times

16   adequate and comported with applicable standards of care and law.  Defendants deny that

17   Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this

18   paragraph of the Complaint.

19   14.    Defendants are without knowledge or information sufficient to form a belief as to the

20   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

21   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

22   effective when used in accordance with its FDA-approved prescribing information.  Defendants

23   state that the potential effects of Celebrex® were and are adequately described in its FDA-

24   approved prescribing information, which was at all times adequate and comported with

25   applicable standards of care and law.  Defendants deny the remaining allegations in this

26   paragraph of the Complaint.

27   15.    Defendants are without knowledge or information sufficient to form a belief as to the

28   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage and deny the remaining allegations in this paragraph of the Complaint.

16.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.    Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale. Defendants deny the remaining allegations in this paragraph of the Complaint.

16.    Answering the second Paragraph 16 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

17.    Defendants state that the allegations in this paragraph of the Complaint regarding aspirin, naproxen, and ibuprofen are not directed toward Defendants, and, therefore, no response is required. Defendants admit that Celebrex® is in a class of drugs that are, at times, referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs"). Defendants deny the remaining allegations in this paragraph of the Complaint.

18.    Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required. To the extent that a response is

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

19.    Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required. To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

20.    Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required. To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

21.    Plaintiffs' Complaint omits Paragraph Number 21.

22.    Defendants state that the allegations in this paragraph of the Complaint regarding "other pharmaceutical companies" are not directed towards Defendants and, therefore, no response is required. To the extent a response is deemed required, Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme." Plaintiffs fail to provide the proper context for the remaining allegations in this paragraph and Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of the allegations and, therefore, deny the remaining allegations in this paragraph of the Complaint.

23.    Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme." Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

24.    Defendants admit that Searle submitted a New Drug Application ("NDA") for Celebrex® on June 29, 1998. Defendants admit that, on December 31, 1998, the FDA granted approval of Celebrex® for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; and (2) for relief of the signs and symptoms of rheumatoid arthritis in adults. Defendants admit that, on December 23, 1999, the FDA granted approval of Celebrex® to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis ("FAP") as an adjunct to usual care (e.g. endoscopic surveillance surgery). Defendants deny the remaining allegations in this paragraph of the Complaint.

25.    Defendants admit that Celebrex® was launched in February 1999. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    remaining allegations in this paragraph of the Complaint.

2    26.    Defendants state that the referenced article speaks for itself and respectfully refer the

3    Court to the article for its actual language and text.  Any attempt to characterize the article is

4    denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

6    this paragraph of the Complaint.

7    27.    Defendants state that the referenced article speaks for itself and respectfully refer the

8    Court to the article for its actual language and text.  Any attempt to characterize the article is

9    denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

10   with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

11   this paragraph of the Complaint.

12   28.    Defendants state that the referenced FDA Update speaks for itself and respectfully refer

13   the Court to the FDA Update for its actual language and text.  Any attempt to characterize the

14   FDA Update is denied.  Defendants state that Celebrex® was and is safe and effective when

15   used in accordance with its FDA-approved prescribing information.  Defendants state that the

16   potential effects of Celebrex® were and are adequately described in its FDA-approved

17   prescribing information, which was at all times adequate and comported with applicable

18   standards of care and law.  Defendants deny the remaining allegations in this paragraph of the

19   Complaint.

20   29.    Defendants state that Celebrex® was and is safe and effective when used in accordance

21   with its FDA-approved prescribing information.  Defendants state that the potential effects of

22   Celebrex® were and are adequately described in its FDA-approved prescribing information,

23   which was at all times adequate and comported with applicable standards of care and law.

24   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

25   the Complaint.

26   30.    Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA

27   on June 12, 2000.  Defendants assert that the submission speaks for itself and any attempt to

28   characterize it is denied.  Defendants admit that a Medical Officer Review dated September 20,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

2000, was completed by the FDA.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

31.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

32.    Plaintiffs' Complaint omits Paragraph Number 32.

33.    Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

34.    Defendants state that the Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

35.    Defendants state that the transcripts of the FDA Arthritis Drugs Advisory Committee hearings speak for themselves and respectfully refer the Court to the transcripts for their actual language and text.  Any attempt to characterize the transcripts is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

36.    Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text.  Any attempt to characterize the articles is denied.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

37.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

paragraph of the Complaint.

38.    Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text.  Any attempt to characterize the articles is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

39.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

40.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

41.    Plaintiffs fail to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

42.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

43.    Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Plaintiffs fail to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

44.     Defendants admit that there was a clinical trial called APC.  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

45.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Plaintiffs fail to provide the proper context for the allegations concerning "Data Safety Monitoring Board" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

46.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

47.     Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.   Any attempt to characterize the Alert for Healthcare Professionals is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

48.     Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

49.     Defendants admit that there was a clinical trial called PreSAP.  Plaintiffs fail to provide the proper context for the allegations concerning "other Celebrex trials" contained in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  As for the allegations in this paragraph of the Complaint regarding the PreSAP study, Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    remaining allegations in this paragraph of the Complaint.

2    50.    Defendants state that the referenced article speaks for itself and respectfully refer the

3    Court to the article for its actual language and text.  Any attempt to characterize the article is

4    denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

5    51.    Plaintiffs fail to provide the proper context for the allegations in this paragraph of the

6    Complaint regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants

7    therefore lack sufficient information or knowledge to form a belief as to the truth of such

8    allegations and, therefore, deny the same.  Defendants state that the referenced studies speak for

9    themselves and respectfully refer the Court to the studies for their actual language and text.

10   Any attempt to characterize the studies is denied.  Defendants deny the remaining allegations in

11   this paragraph of the Complaint.

12   52.    Defendants state that the referenced Medical Officer Review speaks for itself and

13   respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

14   attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

15   allegations in this paragraph of the Complaint.

16   53.    Defendants state that allegations regarding Vioxx® in this paragraph of the Complaint

17   are not directed toward Defendants, and therefore no response is required.  To the extent that a

18   response is deemed required, Plaintiffs fail to provide the proper context for the allegations in

19   this paragraph of the Complaint regarding Vioxx® in this paragraph of the Complaint.

20   Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of

21   such allegations and, therefore, deny the same.  Defendants state that the referenced study

22   speaks for itself and respectfully refer the Court to the study for its actual language and text.

23   Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in

24   this paragraph of the Complaint.

25   54.    Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the

26   Complaint are not directed toward Defendants, and therefore no response is required.  To the

27   extent that a response is deemed required, Plaintiffs fail to provide the proper context for the

28   allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    of the Complaint. Defendants therefore lack sufficient information or knowledge to form a

2    belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the

3    referenced study speaks for itself and respectfully refer the Court to the study for its actual

4    language and text. Any attempt to characterize the study is denied. Defendants deny the

5    remaining allegations in this paragraph of the Complaint.

6    55.    Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the

7    Complaint are not directed toward Defendants, and therefore no response is required. To the

8    extent that a response is deemed required, Plaintiffs fail to provide the proper context for the

9    allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph

10   of the Complaint. Defendants therefore lack sufficient information or knowledge to form a

11   belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the

12   referenced study speaks for itself and respectfully refer the Court to the study for its actual

13   language and text. Any attempt to characterize the study is denied. Defendants state that the

14   referenced article speaks for itself and respectfully refer the Court to the article for its actual

15   language and text. Any attempt to characterize the article is denied. Defendants deny the

16   remaining allegations in this paragraph of the Complaint.

17   56.    Defendants state that Celebrex® was and is safe and effective when used in accordance

18   with its FDA-approved prescribing information. Defendants deny the allegations in this

19   paragraph of the Complaint.

20   57.    Defendants state that the referenced article speaks for itself and respectfully refer the

21   Court to the article for its actual language and text. Any attempt to characterize the article is

22   denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

23   58.    Defendants state that allegations in this paragraph of the Complaint are not directed

24   toward Defendants, and therefore no response is required. To the extent that a response is

25   deemed required, Defendants state that the referenced article speaks for itself and respectfully

26   refer the Court to the article for its actual language and text. Any attempt to characterize the

27   article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

28   59.    Defendants deny the allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

60.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations contained in this paragraph of the Complaint.

61.     Defendants deny any wrongful conduct and deny the allegations contained in this paragraph of the Complaint.

62.     Defendants deny any wrongful conduct and deny the allegations contained in this paragraph of the Complaint.

63.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations contained in this paragraph of the Complaint.

64.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

65.     Defendants admit that the FDA Division of Drug Marketing, Advertising, and Communications ("DDMAC") sent letters to Searle dated October 6, 1999, April 6, 2000, and November 14, 2000.  Defendants state that the referenced letters speak for themselves and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   respectfully refer the Court to the letters for their actual language and text.  Any attempt to

2   characterize the letters is denied.  Defendants deny the remaining allegations in this paragraph

3   of the Complaint.

4   66.    Defendants admit that the DDMAC sent a letter to Pharmacia dated February 1, 2001.

5   Defendants state that the referenced letter speaks for itself and respectfully refer the Court to

6   the letter for its actual language and text.  Any attempt to characterize the letter is denied.

7   Defendants deny the remaining allegations in this paragraph of the Complaint.

8   67.    Defendants state that the referenced article speaks for itself and respectfully refer the

9   Court to the article for its actual language and text.  Any attempt to characterize the article is

10  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

11  68.    Defendants admit that the DDMAC sent a letter to Pfizer dated January 10, 2005.

12  Defendants state that the referenced letter speaks for itself and respectfully refer the Court to

13  the letter for its actual language and text.  Any attempt to characterize the letter is denied.

14  Defendants deny the remaining allegations in this paragraph of the Complaint.

15  69.    Defendants state that Celebrex® was and is safe and effective when used in accordance

16  with its FDA-approved prescribing information.  Defendants state that the potential effects of

17  Celebrex® were and are adequately described in its FDA-approved prescribing information,

18  which was at all times adequate and comported with applicable standards of care and law.

19  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

20  promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

21  law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

22  admit that, during certain periods of time, Celebrex® was manufactured and packaged for

23  Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

24  United States to be prescribed by healthcare providers who are by law authorized to prescribe

25  drugs in accordance with their approval by the FDA.  Defendants deny the remaining

26  allegations in this paragraph of the Complaint.

27  70.    Defendants state that Celebrex® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-17-

ANSWER TO COMPLAINT – 3:07-cv-2691-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Celebrex® were and are adequately described in its FDA-approved prescribing information,

2   which was at all times adequate and comported with applicable standards of care and law.

3   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

4   promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

5   law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

6   admit that, during certain periods of time, Celebrex® was manufactured and packaged for

7   Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

8   United States to be prescribed by healthcare providers who are by law authorized to prescribe

9   drugs in accordance with their approval by the FDA. Defendants state that Celebrex® is a

10  prescription medication which is approved by the FDA for the following indications: (1) for

11  relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of

12  rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the

13  treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps

14  in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic

15  surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for

16  relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age

17  and older. Defendants deny any wrongful conduct and deny the remaining allegations in this

18  paragraph of the Complaint.

19  71.      Defendants state that Celebrex® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information. Defendants state that the potential effects of

21  Celebrex® were and are adequately described in its FDA-approved prescribing information,

22  which at all times was adequate and comported with applicable standards of care and law.

23  Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and

24  ambiguous. Defendants are without knowledge or information to form a belief as to the truth of

25  such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct, deny

26  that Celebrex® is defective, and deny the allegations in this paragraph of the Complaint.

27  72.      Defendants state that Celebrex® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information. Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Celebrex® were and are adequately described in its FDA-approved prescribing information,

2   which was at all times adequate and comported with applicable standards of care and law.

3   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

4   promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

5   law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

6   admit that, during certain periods of time, Celebrex® was manufactured and packaged for

7   Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

8   United States to be prescribed by healthcare providers who are by law authorized to prescribe

9   drugs in accordance with their approval by the FDA.   Defendants deny the remaining

10  allegations in this paragraph of the Complaint.

11  73.     Defendants state that Celebrex® was and is safe and effective when used in accordance

12  with its FDA-approved prescribing information.  Defendants state that the potential effects of

13  Celebrex® were and are adequately described in its FDA-approved prescribing information,

14  which at all times was adequate and comported with applicable standards of care and law.

15  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

16  promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

17  law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

18  admit that, during certain periods of time, Celebrex® was manufactured and packaged for

19  Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

20  United States to be prescribed by healthcare providers who are by law authorized to prescribe

21  drugs in accordance with their approval by the FDA.   Defendants deny the remaining

22  allegations in this paragraph of the Complaint.

23  74.     Defendants state that Celebrex® was and is safe and effective when used in accordance

24  with its FDA-approved prescribing information.  Defendants state that the potential effects of

25  Celebrex® were and are adequately described in its FDA-approved prescribing information,

26  which was at all times adequate and comported with applicable standards of care and law.

27  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

28  the Complaint.

75.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

76.    Defendants deny the allegations in this paragraph of the Complaint.

77.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

78.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

79.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

80.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

2  remaining allegations in this paragraph of the Complaint.

3  81.    Defendants state that Celebrex® was and is safe and effective when used in accordance

4  with its FDA-approved prescribing information.  Defendants state that the potential effects of

5  Celebrex® are and were adequately described in its FDA-approved prescribing information,

6  which was at all times adequate and comported with applicable standards of care and law.

7  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

8  the Complaint.

9  82.    Defendants state that Celebrex® was and is safe and effective when used in accordance

10  with its FDA-approved prescribing information.  Defendants state that the potential effects of

11  Celebrex® are and were adequately described in its FDA-approved prescribing information,

12  which was at all times adequate and comported with applicable standards of care and law.

13  Defendants state that the referenced study speaks for itself and respectfully refer the Court to

14  the study for its actual language and text.  Any attempt to characterize the study is denied.

15  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

16  the Complaint.

17  83.    Defendants deny any wrongful conduct and deny the remaining allegations in this

18  paragraph of the Complaint.

19  84.    Defendants are without knowledge or information sufficient to form a belief as to the

20  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

21  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

22  effective when used in accordance with its FDA-approved prescribing information.  Defendants

23  state that the potential effects of Celebrex® are and were adequately described in its FDA-

24  approved prescribing information, which was at all times adequate and comported with

25  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

26  remaining allegations in this paragraph of the Complaint.

27  **Response to First Cause of Action: Negligence**

28  85.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  Complaint as if fully set forth herein.

2  86.    Defendants state that this paragraph of the Complaint contains legal contentions to

3  which no response is required.  To the extent that a response is deemed required, Defendants

4  admit that they had duties as are imposed by law but deny having breached such duties.

5  Defendants state that Celebrex® was and is safe and effective when used in accordance with its

6  FDA-approved prescribing information.    Defendants state that the potential effects of

7  Celebrex® were and are adequately described in its FDA-approved prescribing information,

8  which was at all times adequate and comported with applicable standards of care and law.

9  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

10  the Complaint.

11  87.    Defendants state that this paragraph of the Complaint contains legal contentions to

12  which no response is required.  To the extent that a response is deemed required, Defendants

13  admit that they had duties as are imposed by law but deny having breached such duties.

14  Defendants state that Celebrex® was and is safe and effective when used in accordance with its

15  FDA-approved prescribing information.    Defendants state that the potential effects of

16  Celebrex® were and are adequately described in its FDA-approved prescribing information,

17  which was at all times adequate and comported with applicable standards of care and law.

18  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

19  the Complaint.

20  88.    Defendants are without knowledge or information sufficient to form a belief as to the

21  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

22  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

23  effective when used in accordance with its FDA-approved prescribing information.  Defendants

24  state that the potential effects of Celebrex® were and are adequately described in its FDA-

25  approved prescribing information, which was at all times adequate and comported with

26  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

27  remaining allegations in this paragraph of the Complaint, including all subparts.

28  89.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

2  Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

3  effective when used in accordance with its FDA-approved prescribing information. Defendants

4  state that the potential effects of Celebrex® were and are adequately described in its FDA-

5  approved prescribing information, which was at all times adequate and comported with

6  applicable standards of care and law. Defendants deny any wrongful conduct and deny the

7  remaining allegations in this paragraph of the Complaint.

8  90.    Defendants state that Celebrex® was and is safe and effective when used in accordance

9  with its FDA-approved prescribing information. Defendants state that the potential effects of

10 Celebrex® were and are adequately described in its FDA-approved prescribing information,

11 which was at all times adequate and comported with applicable standards of care and law.

12 Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

13 the Complaint.

14 91.    Defendants are without knowledge or information sufficient to form a belief as to the

15 truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

16 Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

17 effective when used in accordance with its FDA-approved prescribing information. Defendants

18 state that the potential effects of Celebrex® were and are adequately described in its FDA-

19 approved prescribing information, which was at all times adequate and comported with

20 applicable standards of care and law. Defendants deny any wrongful conduct, deny that

21 Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this

22 paragraph of the Complaint.

23 92.    Defendants are without knowledge or information sufficient to form a belief as to the

24 truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical

25 condition and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants

26 deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny

27 the remaining allegations in this paragraph of the Complaint.

28 93.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

1    damage, and deny the remaining allegations in this paragraph of the Complaint.

2    94.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

3    damage, and deny the remaining allegations in this paragraph of the Complaint.

4    95.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

5    damage, and deny the remaining allegations in this paragraph of the Complaint.

6                   **Response to Second Cause of Action: Strict Liability**

7    96.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

8    Complaint as if fully set forth herein.

9    97.    Defendants are without knowledge or information sufficient to form a belief as to the

10   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

11   Celebrex®, and, therefore, deny the same.  Defendants admit that, during certain periods of

12   time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

13   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

14   with their approval by the FDA.   Defendants admit that, during certain periods of time,

15   Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

16   promoted and distributed Celebrex® in the United States to be prescribed by healthcare

17   providers who are by law authorized to prescribe drugs in accordance with their approval by the

18   FDA.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and

19   consumers without substantial change from the time of sale.  Defendants deny the remaining

20   allegations in this paragraph of the Complaint.

21   98.    Defendants state that Celebrex® was and is safe and effective when used in accordance

22   with its FDA-approved prescribing information.  Defendants state that the potential effects of

23   Celebrex® were and are adequately described in its FDA-approved prescribing information,

24   which was at all times adequate and comported with applicable standards of care and law.

25   Defendants deny the remaining allegations in this paragraph of the Complaint.

26   99.    Defendants state that Celebrex® was and is safe and effective when used in accordance

27   with its FDA-approved prescribing information.  Defendants state that the potential effects of

28   Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    which was at all times adequate and comported with applicable standards of care and law.

2    Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

3    remaining allegations in this paragraph of the Complaint.

4    100.    Defendants state that Celebrex® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information.  Defendants state that the potential effects of

6    Celebrex® were and are adequately described in its FDA-approved prescribing information,

7    which was at all times adequate and comported with applicable standards of care and law.

8    Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

9    remaining allegations in this paragraph of the Complaint, including all subparts.

10   101.    Defendants are without knowledge or information sufficient to form a belief as to the

11   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

12   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

13   effective when used in accordance with its FDA-approved prescribing information.  Defendants

14   state that the potential effects of Celebrex® were and are adequately described in its FDA-

15   approved prescribing information, which was at all times adequate and comported with

16   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

17   Celebrex® is defective, deny that Celebrex® caused Plaintiffs injury or damage, and deny the

18   remaining allegations in this paragraph of the Complaint.

19   102.    Defendants state that Celebrex® was and is safe and effective when used in accordance

20   with its FDA-approved prescribing information.  Defendants state that the potential effects of

21   Celebrex® were and are adequately described in its FDA-approved prescribing information,

22   which was at all times adequate and comported with applicable standards of care and law.

23   Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

24   remaining allegations in this paragraph of the Complaint.

25   103.    Defendants are without knowledge or information sufficient to form a belief as to the

26   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

27   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

28   effective when used in accordance with its FDA-approved prescribing information.  Defendants

1   state that the potential effects of Celebrex® were and are adequately described in its FDA-

2   approved prescribing information, which was at all times adequate and comported with

3   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

4   Celebrex® is defective, deny that Celebrex® caused Plaintiffs injury or damage, and deny the

5   remaining allegations in this paragraph of the Complaint.

6   104.    Defendants state that Celebrex® was and is safe and effective when used in accordance

7   with its FDA-approved prescribing information.  Defendants state that the potential effects of

8   Celebrex® were and are adequately described in its FDA-approved prescribing information,

9   which was at all times adequate and comported with applicable standards of care and law.

10  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

11  the Complaint.

12  105.    Defendants are without knowledge or information sufficient to form a belief as to the

13  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

14  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

15  effective when used in accordance with its FDA-approved prescribing information.  Defendants

16  state that the potential effects of Celebrex® were and are adequately described in its FDA-

17  approved prescribing information, which was at all times adequate and comported with

18  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

19  Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this

20  paragraph of the Complaint.

21  106.    Defendants state that Celebrex® was and is safe and effective when used in accordance

22  with its FDA-approved prescribing information.  Defendants state that the potential effects of

23  Celebrex® were and are adequately described in its FDA-approved prescribing information,

24  which was at all times adequate and comported with applicable standards of care and law.

25  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

26  the Complaint.

27  107.    Defendants are without knowledge or information sufficient to form a belief as to the

28  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

2    effective when used in accordance with its FDA-approved prescribing information. Defendants

3    state that the potential effects of Celebrex® were and are adequately described in its FDA-

4    approved prescribing information, which was at all times adequate and comported with

5    applicable standards of care and law. Defendants deny any wrongful conduct and deny the

6    remaining allegations in this paragraph of the Complaint.

7    108.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

8    damage, and deny the remaining allegations in this paragraph of the Complaint.

9    109.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

10    damage, and deny the remaining allegations in this paragraph of the Complaint.

11    110.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

12    damage, and deny the remaining allegations in this paragraph of the Complaint.

13    111.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

14    damage, and deny the remaining allegations in this paragraph of the Complaint.

15              **Response to Third Cause of Action: Breach of Express Warranty**

16    112.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

17    Complaint as if fully set forth herein.

18    113.    Defendants are without knowledge or information sufficient to form a belief as to the

19    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

20    Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

21    effective when used in accordance with its FDA-approved prescribing information. Defendants

22    state that the potential effects of Celebrex® were and are adequately described in its FDA-

23    approved prescribing information, which was at all times adequate and comported with

24    applicable standards of care and law. Defendants admit that they provided FDA-approved

25    prescribing information regarding Celebrex®. Defendants deny the remaining allegations in

26    this paragraph of the Complaint.

27    114.    Defendants are without knowledge or information sufficient to form a belief as to the

28    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

2    effective when used in accordance with its FDA-approved prescribing information.  Defendants

3    state that the potential effects of Celebrex® were and are adequately described in its FDA-

4    approved prescribing information, which was at all times adequate and comported with

5    applicable standards of care and law.  Defendants admit that they provided FDA-approved

6    prescribing information regarding Celebrex®.  Defendants deny any wrongful conduct and

7    deny the remaining allegations in this paragraph of the Complaint, including all subparts.

8    115.    Defendants admit that they provided FDA-approved prescribing information regarding

9    Celebrex®.  Defendants deny any wrongful conduct and deny the remaining allegations in this

10   paragraph of the Complaint.

11   116.    Defendants state that Celebrex® was and is safe and effective when used in accordance

12   with its FDA-approved prescribing information.  Defendants state that the potential effects of

13   Celebrex® were and are adequately described in its FDA-approved prescribing information,

14   which was at all times adequate and comported with applicable standards of care and law.

15   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

16   the Complaint.

17   117.    Defendants state that Celebrex® was and is safe and effective when used in accordance

18   with its FDA-approved prescribing information.  Defendants state that the potential effects of

19   Celebrex® were and are adequately described in its FDA-approved prescribing information,

20   which was at all times adequate and comported with applicable standards of care and law.

21   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

22   the Complaint.

23   118.    Defendants are without knowledge or information sufficient to form a belief as to the

24   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

25   Celebrex®, and, therefore, deny the same.  Defendants state that the potential effects of

26   Celebrex® were and are adequately described in its FDA-approved prescribing information,

27   which was at all times adequate and comported with applicable standards of care and law.

28   Defendants admit that they provided FDA-approved prescribing information regarding

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

2    119.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

3    damage, and deny the remaining allegations in this paragraph of the Complaint.

4    120.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

5    damage, and deny the remaining allegations in this paragraph of the Complaint.

6    121.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

7    damage, and deny the remaining allegations in this paragraph of the Complaint.

8    122.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

9    damage, and deny the remaining allegations in this paragraph of the Complaint.

10    **Response to Fourth Cause of Action: Breach of Implied Warranty**

11    123.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

12    Complaint as if fully set forth herein.

13    124.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

14    and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

15    are by law authorized to prescribe drugs in accordance with their approval by the FDA.

16    Defendants admit that, during certain periods of time, Celebrex® was manufactured and

17    packaged for Searle, which developed, tested, marketed, co-promoted and distributed

18    Celebrex® in the United States to be prescribed by healthcare providers who are by law

19    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

20    the remaining allegations in this paragraph of the Complaint.

21    125.    Defendants state that Celebrex® was and is safe and effective when used in accordance

22    with its FDA-approved prescribing information.  Defendants state that the potential effects of

23    Celebrex® were and are adequately described in its FDA-approved prescribing information,

24    which was at all times adequate and comported with applicable standards of care and law.

25    Defendants admit that they provided FDA-approved prescribing information regarding

26    Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

27    126.    Defendants state that Celebrex® was and is safe and effective when used in accordance

28    with its FDA-approved prescribing information.  Defendants state that the potential effects of

1    Celebrex® were and are adequately described in its FDA-approved prescribing information,

2    which was at all times adequate and comported with applicable standards of care and law.

3    Defendants deny the remaining allegations in this paragraph of the Complaint.

4    127.    Defendants state that this paragraph of the Complaint contains legal contentions to

5    which no response is required.  To the extent that a response is deemed required, Defendants

6    state that Celebrex® was and is safe and effective when used in accordance with its FDA-

7    approved prescribing information.  Defendants state that the potential effects of Celebrex®

8    were and are adequately described in its FDA-approved prescribing information, which was at

9    all times adequate and comported with applicable standards of care and law.  Defendants deny

10   any wrongful conduct, deny that they breached any warranty, and deny the remaining

11   allegations in this paragraph of the Complaint.

12   128.    Defendants are without knowledge or information sufficient to form a belief as to the

13   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

14   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® is a prescription

15   medication which is approved by the FDA for the following indications: (1) for relief of the

16   signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid

17   arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of

18   primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial

19   adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance

20   surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the

21   signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older.

22   Defendants deny the remaining allegations in this paragraph of the Complaint.

23   129.    Defendants are without knowledge or information sufficient to form a belief as to the

24   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

25   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

26   effective when used in accordance with its FDA-approved prescribing information.  Defendants

27   state that the potential effects of Celebrex® were and are adequately described in its FDA-

28   approved prescribing information, which was at all times adequate and comported with

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

applicable standards of care and law.  Defendants admit that they provided FDA-approved

prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in

this paragraph of the Complaint.

130.    Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

Celebrex® and, therefore, deny the same.  Defendants state that, in the ordinary case,

Celebrex® was expected to reach users and consumers without substantial change from the

time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

131.    Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

effective when used in accordance with its FDA-approved prescribing information.  Defendants

state that the potential effects of Celebrex® were and are adequately described in its FDA-

approved prescribing information, which was at all times adequate and comported with

applicable standards of care and law.  Defendants deny any wrongful conduct, deny that they

breached any warranty, and deny the remaining allegations in this paragraph of the Complaint.

132.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

damage, and deny the remaining allegations in this paragraph of the Complaint.

133.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

damage, and deny the remaining allegations in this paragraph of the Complaint.

134.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

damage, and deny the remaining allegations in this paragraph of the Complaint.

135.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

136.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

Complaint as if fully set forth herein.

137.    Defendants state that this paragraph of the Complaint contains legal contentions to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    which no response is required.  To the extent that a response is deemed required, Defendants

2    admit that they had duties as are imposed by law but deny having breached such duties.

3    Defendants state that Celebrex® was and is safe and effective when used in accordance with its

4    FDA-approved prescribing information.   Defendants state that the potential effects of

5    Celebrex® were and are adequately described in its FDA-approved prescribing information,

6    which was at all times adequate and comported with applicable standards of care and law.

7    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

8    the Complaint.

9    138.    Defendants state that Celebrex® was and is safe and effective when used in accordance

10   with its FDA-approved prescribing information.  Defendants state that the potential effects of

11   Celebrex® were and are adequately described in its FDA-approved prescribing information,

12   which was at all times adequate and comported with applicable standards of care and law.

13   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

14   the Complaint, including all subparts.

15   139.    Defendants state that Celebrex® was and is safe and effective when used in accordance

16   with its FDA-approved prescribing information.  Defendants state that the potential effects of

17   Celebrex® were and are adequately described in its FDA-approved prescribing information,

18   which was at all times adequate and comported with applicable standards of care and law.

19   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

20   the Complaint.

21   140.    Defendants are without knowledge or information sufficient to form a belief as to the

22   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

23   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

24   effective when used in accordance with its FDA-approved prescribing information.  Defendants

25   state that the potential effects of Celebrex® were and are adequately described in its FDA-

26   approved prescribing information, which was at all times adequate and comported with

27   applicable standards of care and law.   Defendants deny any wrongful conduct, deny that

28   Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this

1  paragraph of the Complaint, including all subparts.

2  141.    Defendants state that Celebrex® was and is safe and effective when used in accordance

3  with its FDA-approved prescribing information.  Defendants state that the potential effects of

4  Celebrex® were and are adequately described in its FDA-approved prescribing information,

5  which was at all times adequate and comported with applicable standards of care and law.

6  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

7  the Complaint.

8  142.    Defendants are without knowledge or information sufficient to form a belief as to the

9  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

10  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

11  effective when used in accordance with its FDA-approved prescribing information.  Defendants

12  state that the potential effects of Celebrex® were and are adequately described in its FDA-

13  approved prescribing information, which was at all times adequate and comported with

14  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

15  remaining allegations in this paragraph of the Complaint.

16  143.    Defendants are without knowledge or information sufficient to form a belief as to the

17  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

18  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

19  effective when used in accordance with its FDA-approved prescribing information.  Defendants

20  state that the potential effects of Celebrex® were and are adequately described in its FDA-

21  approved prescribing information, which was at all times adequate and comported with

22  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

23  remaining allegations in this paragraph of the Complaint.

24  144.    Defendants are without knowledge or information sufficient to form a belief as to the

25  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

26  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

27  effective when used in accordance with its FDA-approved prescribing information.  Defendants

28  state that the potential effects of Celebrex® were and are adequately described in its FDA-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

145.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

146.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

147.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

148.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   damage, and deny the remaining allegations in this paragraph of the Complaint.

2   149.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

3   damage, and deny the remaining allegations in this paragraph of the Complaint.

4   150.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

5   damage, and deny the remaining allegations in this paragraph of the Complaint.

6   151.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

7   damage, and deny the remaining allegations in this paragraph of the Complaint.

8                   **Response to Sixth Cause of Action: Unjust Enrichment**

9   152.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

10  Complaint as if fully set forth herein.

11  153.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

12  and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

13  are by law authorized to prescribe drugs in accordance with their approval by the FDA.

14  Defendants admit that, during certain periods of time, Celebrex® was manufactured and

15  packaged for Searle, which developed, tested, marketed, co-promoted and distributed

16  Celebrex® in the United States to be prescribed by healthcare providers who are by law

17  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

18  the remaining allegations in this paragraph of the Complaint.

19  154.    Defendants are without knowledge or information sufficient to form a belief as to the

20  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

21  Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

22  paragraph of the Complaint.

23  155.    Defendants are without knowledge or information sufficient to form a belief as to the

24  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

25  Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

26  paragraph of the Complaint.

27  156.    Defendants are without knowledge or information sufficient to form a belief as to the

28  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

1    Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

2    effective when used in accordance with its FDA-approved prescribing information.  Defendants

3    state that the potential effects of Celebrex® were and are adequately described in its FDA-

4    approved prescribing information, which was at all times adequate and comported with

5    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

6    remaining allegations in this paragraph of the Complaint.

7    157.    Defendants are without knowledge or information sufficient to form a belief as to the

8    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

9    Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

10   effective when used in accordance with its FDA-approved prescribing information.  Defendants

11   state that the potential effects of Celebrex® were and are adequately described in its FDA-

12   approved prescribing information, which was at all times adequate and comported with

13   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

14   remaining allegations in this paragraph of the Complaint.

15   158.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

16   damage, and deny the remaining allegations in this paragraph of the Complaint.

17                        **Response to Seventh Cause of Action:**

18               **State Consumer Fraud and Deceptive Trade Practices Act**

19   158.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

20   Complaint as if fully set forth herein.

21   159.    Plaintiffs' Complaint omits Paragraph Number 159.

22   160.    Defendants state that this paragraph of the Complaint contains legal contentions to

23   which no response is required.  To the extent that a response is deemed required, Defendants

24   admit that they had duties as are imposed by law but deny having breached such duties.

25   Defendants deny the remaining allegations in this paragraph of the Complaint.

26   161.    Defendants are without knowledge or information sufficient to form a belief as to the

27   truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

28   same.  Defendants state that Celebrex® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-36-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   with its FDA-approved prescribing information.  Defendants state that the potential effects of

2   Celebrex® were and are adequately described in its FDA-approved prescribing information,

3   which was at all times adequate and comported with applicable standards of care and law.

4   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

5   the Complaint.

6   162.    Defendants are without knowledge or information sufficient to form a belief as to the

7   truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

8   same.  Defendants state that Celebrex® was and is safe and effective when used in accordance

9   with its FDA-approved prescribing information.  Defendants state that the potential effects of

10  Celebrex® were and are adequately described in its FDA-approved prescribing information,

11  which was at all times adequate and comported with applicable standards of care and law.

12  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

13  damage, and deny the remaining allegations in this paragraph of the Complaint.

14  163.    Defendants are without knowledge or information sufficient to form a belief as to the

15  truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

16  same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

17  164.    Defendants are without knowledge or information sufficient to form a belief as to the

18  truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

19  same.  Defendants state that Celebrex® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information.  Defendants state that the potential effects of

21  Celebrex® were and are adequately described in its FDA-approved prescribing information,

22  which was at all times adequate and comported with applicable standards of care and law.

23  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

24  the Complaint.

25  165.    Defendants state that this paragraph of the Complaint contains legal contentions to

26  which no response is required.  To the extent that a response is deemed required, Defendants

27  deny any wrongful conduct and deny the remaining allegations in this paragraph of the

28  Complaint.

1    166.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

2    damage, and deny the remaining allegations in this paragraph of the Complaint.

3    167.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

4    damage, and deny the remaining allegations in this paragraph of the Complaint.

5    168.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

6    damage, and deny the remaining allegations in this paragraph of the Complaint.

7    169.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

8    damage, and deny the remaining allegations in this paragraph of the Complaint.

9    170.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

10   damage, and deny the remaining allegations in this paragraph of the Complaint.

11   171.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

12   damage, and deny the remaining allegations in this paragraph of the Complaint.

13   **Response to Eighth Cause of Action:  State Suppliers Liability Statute**

14   172.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

15   Complaint as if fully set forth herein.

16   173.    Defendants are without knowledge or information sufficient to form a belief as to the

17   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

18   Celebrex®, and, therefore, deny the same.  Defendants admit that, during certain periods of

19   time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

20   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

21   with their approval by the FDA.  Defendants admit that, during certain periods of time,

22   Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

23   promoted and distributed Celebrex® in the United States to be prescribed by healthcare

24   providers who are by law authorized to prescribe drugs in accordance with their approval by the

25   FDA.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and

26   consumers without substantial change from the time of sale.  Defendants deny the remaining

27   allegations in this paragraph of the Complaint.

28   174.    Defendants state that Celebrex® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

175.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

176.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

177.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations in this paragraph of the Complaint.

178.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

179.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

180.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

181.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

182.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

183.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

184.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

185.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

186.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

187.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Ninth Cause of Action: Unjust Enrichment**

188.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

189.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Defendants deny the remaining allegations in this paragraph of the Complaint.

190.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

2   same. Defendants state that Celebrex® was and is safe and effective when used in accordance

3   with its FDA-approved prescribing information. Defendants state that the potential effects of

4   Celebrex® were and are adequately described in its FDA-approved prescribing information,

5   which was at all times adequate and comported with applicable standards of care and law.

6   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

7   the Complaint.

8   191.    Defendants are without knowledge or information sufficient to form a belief as to the

9   truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

10  same. Defendants state that Celebrex® was and is safe and effective when used in accordance

11  with its FDA-approved prescribing information. Defendants state that the potential effects of

12  Celebrex® were and are adequately described in its FDA-approved prescribing information,

13  which was at all times adequate and comported with applicable standards of care and law.

14  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

15  damage, and deny the remaining allegations in this paragraph of the Complaint.

16  192.    Defendants are without knowledge or information sufficient to form a belief as to the

17  truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

18  same. Defendants deny the remaining allegations in this paragraph of the Complaint.

19  193.    Defendants are without knowledge or information sufficient to form a belief as to the

20  truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

21  same. Defendants state that Celebrex® was and is safe and effective when used in accordance

22  with its FDA-approved prescribing information. Defendants state that the potential effects of

23  Celebrex® were and are adequately described in its FDA-approved prescribing information,

24  which was at all times adequate and comported with applicable standards of care and law.

25  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

26  the Complaint.

27  194.    Defendants state that this paragraph of the Complaint contains legal contentions to

28  which no response is required. To the extent that a response is deemed required, Defendants

*(left margin)* Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    deny any wrongful conduct and deny the remaining allegations in this paragraph of the

2    Complaint.

3    195.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

4    damage, and deny the remaining allegations in this paragraph of the Complaint.

5    196.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

6    damage, and deny the remaining allegations in this paragraph of the Complaint.

7    197.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

8    damage, and deny the remaining allegations in this paragraph of the Complaint.

9    198.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

10   damage, and deny the remaining allegations in this paragraph of the Complaint.

11   199.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

12   damage, and deny the remaining allegations in this paragraph of the Complaint.

13   200.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

14   damage, and deny the remaining allegations in this paragraph of the Complaint.

15                                    **Response to Prayer For Relief**

16            Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

17   damage, and deny the remaining allegations in paragraph of the Complaint headed "Prayer for

18   Relief," including all subparts.

19                                              **III.**

20                                    **GENERAL DENIAL**

21            Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs'

22   Complaint that have not been previously admitted, denied, or explained.

23                                              **IV.**

24                                 **AFFIRMATIVE DEFENSES**

25            Defendants reserve the right to rely upon any of the following or additional defenses to

26   claims asserted by Plaintiffs to the extent that such defenses are supported by information

27   developed through discovery or evidence at trial.  Defendants affirmatively show that:

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**First Defense**

2    1.    The Complaint fails to state a claim upon which relief can be granted.

3

**Second Defense**

4    2.    Celebrex® is a prescription medical product.  The federal government has preempted

5    the field of law applicable to the labeling and warning of prescription medical products.

6    Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable

7    federal law.  Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon

8    which relief can be granted; such claims, if allowed, would conflict with applicable federal law

9    and violate the Supremacy Clause of the United States Constitution.

10

**Third Defense**

11    3.    At all relevant times, Defendants provided proper warnings, information and

12    instructions for the drug in accordance with generally recognized and prevailing standards in

13    existence at the time.

14

**Fourth Defense**

15    4.    At all relevant times, Defendants' warnings and instructions with respect to the use of

16    Celebrex® conformed to the generally recognized, reasonably available, and reliable state of

17    knowledge at the time the drug was manufactured, marketed and distributed.

18

**Fifth Defense**

19    5.    Plaintiffs' action is time-barred as it is filed outside of the time permitted by the

20    applicable Statute of Limitations, and same is plead in full bar of any liability as to Defendants.

21

**Sixth Defense**

22    6.    Plaintiffs' action is barred by the statute of repose.

23

**Seventh Defense**

24    7.    Plaintiffs' claims against Defendants are barred to the extent Plaintiffs were

25    contributorily negligent, actively negligent or otherwise failed to mitigate their damages, and

26    any recovery by Plaintiffs should be diminished accordingly.

27

**Eighth Defense**

28    8.    The proximate cause of the loss complained of by Plaintiffs is not due to any acts or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-44-

omissions on the part of Defendants. Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

**Ninth Defense**

9.      The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

**Tenth Defense**

10.     Any injuries or expenses incurred by Plaintiffs were not caused by Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Eleventh Defense**

11.     Defendants affirmatively deny that they violated any duty owed to Plaintiffs.

**Twelfth Defense**

12.     A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product. Celebrex® is a prescription medical product, available only on the order of a licensed physician. Celebrex® provided an adequate warning to Plaintiff's treating and prescribing physicians.

**Thirteenth Defense**

13.     The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.     Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Celebrex® at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Fifteenth Defense**

15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    Plaintiffs' alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Celebrex® after the product left the control of Defendants and any liability of Defendants is therefore barred.

**Seventeenth Defense**

17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.    Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

**Nineteenth Defense**

19.    Plaintiffs knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

and Plaintiffs' causes of action are preempted.

## Twenty-third Defense

23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

## Twenty-fourth Defense

24.    Plaintiffs' claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

## Twenty-fifth Defense

25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

## Twenty-sixth Defense

26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

## Twenty-seventh Defense

27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

## Twenty-eighth Defense

28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

## Twenty-ninth Defense

29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead facts sufficient under the law to justify an award of punitive damages.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

**Thirtieth Defense**

2    30.    Defendants affirmatively aver that the imposition of punitive damages in this case

3    would violate Defendants' rights to procedural due process under both the Fourteenth

4    Amendment of the United States Constitution and the Constitutions of the States of Texas and

5    California, and would additionally violate Defendants' rights to substantive due process under

6    the Fourteenth Amendment of the United States Constitution.

7    **Thirty-first Defense**

8    31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and

9    Fourteenth Amendments to the United States Constitution.

10    **Thirty-second Defense**

11    32.    The imposition of punitive damages in this case would violate the First Amendment to

12    the United States Constitution.

13    **Thirty-third Defense**

14    33.    Plaintiffs' punitive damage claims are preempted by federal law.

15    **Thirty-fourth Defense**

16    34.    In the event that reliance was placed upon Defendants' nonconformance to an express

17    representation, this action is barred as there was no reliance upon representations, if any, of

18    Defendants.

19    **Thirty-fifth Defense**

20    35.    Plaintiffs failed to provide Defendants with timely notice of any alleged

21    nonconformance to any express representation.

22    **Thirty-sixth Defense**

23    36.    To the extent that Plaintiffs' claims are based on a theory providing for liability without

24    proof of causation, the claims violate Defendants' rights under the United States Constitution.

25    **Thirty-seventh Defense**

26    37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and

27    labeling with respect to the subject pharmaceutical products were not false or misleading and,

28    therefore, constitute protected commercial speech under the applicable provisions of the United

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-48-

1 States Constitution.

2 **Thirty-eighth Defense**

3 38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly

4 caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable

5 law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

6 protections afforded by the United States Constitution, the excessive fines clause of the Eighth

7 Amendment of the United States Constitution, the Commerce Clause of the United States

8 Constitution, and the Full Faith and Credit Clause of the United States Constitution, and

9 applicable provisions of the Constitutions of the States of Texas and California.    Any law,

10 statute, or other authority purporting to permit the recovery of punitive damages in this case is

11 unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks

12 constitutionally sufficient standards to guide and restrain the jury's discretion in determining

13 whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that

14 it failed to provide adequate advance notice as to what conduct will result in punitive damages;

15 (3)  permits recovery of punitive damages based on out-of-state conduct, conduct that complied

16 with applicable law, or conduct that was not directed, or did not proximately cause harm, to

17 Plaintiffs; (4) permits recovery of punitive damages in an amount that is not both reasonable

18 and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of

19 compensatory damages, if any; (5) permits jury consideration of net worth or other financial

20 information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied

21 by the trial court in post-verdict review of any punitive damages awards; (7) lacks

22 constitutionally sufficient standards for appellate review of punitive damages awards; and (8)

23 otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific*

24 *Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance*

25 *Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559

26 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

27 **Thirty-ninth Defense**

28 39.    The methods, standards, and techniques utilized with respect to the manufacture, design,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

**Fortieth Defense**

40.    The claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

**Forty-first Defense**

41.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

**Forty-second Defense**

42.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

**Forty-third Defense**

43.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

**Forty-fourth Defense**

44.    Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs, and were independent of or far removed from Defendants' conduct.

**Forty-fifth Defense**

45.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiffs.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

**Forty-sixth Defense**

2    46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs

3    did not incur any ascertainable loss as a result of Defendants' conduct.

4

**Forty-seventh Defense**

5    47.    The claims asserted in the Complaint are barred, in whole or in part, because the

6    manufacturing, labeling, packaging, and any advertising of the product complied with the

7    applicable codes, standards and regulations established, adopted, promulgated or approved by

8    any applicable regulatory body, including but not limited to the United States, any state, and

9    any agency thereof.

10

**Forty-eighth Defense**

11    48.    The claims must be dismissed because Plaintiff would have taken Celebrex® even if the

12    product labeling contained the information that Plaintiffs contend should have been provided.

13

**Forty-ninth Defense**

14    49.    The claims asserted in the Complaint are barred because the utility of Celebrex®

15    outweighed its risks.

16

**Fiftieth Defense**

17    50.    Plaintiffs' damages, if any, are barred or limited by the payments received from

18    collateral sources.

19

**Fifty-first Defense**

20    51.    Defendants' liability, if any, can only be determined after the percentages of

21    responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if

22    any, are determined.    Defendants seek an adjudication of the percentage of fault of the

23    claimants and each and every other person whose fault could have contributed to the alleged

24    injuries and damages, if any, of Plaintiffs.

25

**Fifty-second Defense**

26    52.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the

27    common law gives deference to discretionary actions by the United States Food and Drug

28    Administration under the Federal Food, Drug, and Cosmetic Act.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fifty-third Defense**

53.     The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®.    Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

**Fifty-fourth Defense**

54.     Plaintiffs' misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

**Fifty-fifth Defense**

55.     Defendants state on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 3338 and former § 340(3), and such other statutes of limitation as may apply.

**Fifty-sixth Defense**

56.     Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiffs were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants.    Therefore, Plaintiffs' recovery against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

**Fifty-seventh Defense**

57.     To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.    Any claim for punitive damages is also barred under California Civil Code § 3294(b).

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fifty-eighth Defense**

58.    Plaintiffs' causes of action are barred by Texas Civil Practice & Remedies Code § 82.007.

**Fifty-ninth Defense**

59.    Plaintiffs' causes of action are barred by Texas Civil Practice & Remedies Code § 82.003.

**Sixtieth Defense**

60.    Plaintiffs' causes of action are barred by Texas Civil Practice & Remedies Code § 16.012.

**Sixty-first Defense**

61.    This action is subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including (without limitation) the requirement of § 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, Defendants, and responsible third-party that may be joined in the suit.

**Sixty-second Defense**

62.    If Plaintiffs settle with any other person or entity, then Defendants reserves the right to make a written election of credit for settlements under § 33.014 of the Texas Civil Practice and Remedies Code.

**Sixty-third Defense**

63.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

**Sixty-fourth Defense**

64.    Plaintiffs' claims are barred in whole or in part because any alleged defect was not known or not reasonably scientifically knowable at the time the product was distributed.

**Sixty-fifth Defense**

65.    Plaintiffs' claims are barred by their failure to comply with conditions precedent to the right to recover.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Sixty-sixth Defense**

66.     Plaintiffs' claims are barred in whole or in part by the doctrine of informed consent. Plaintiff was informed of the risks associated with treatment and willingly consented to treatment despite those risks.  Specifically, Plaintiff gave informed consent to the prescribing physicians before taking Celebrex®, alone or in combination with any other drug(s).

**Sixty-seventh Defense**

67.     The duty to obtain Plaintiff's informed consent prior to prescribing Celebrex® alone or in combination with any other drug(s) rested solely with the prescribing physicians.

**Sixty-eighth Defense**

68.     Plaintiffs may not assert a claim against Defendants for negligent misrepresentation as Plaintiffs did not suffer a pecuniary loss as a result of any alleged misrepresentation by Defendants.

**Sixty-ninth Defense**

69.     Plaintiffs' claims of negligent misrepresentation are barred by the failure to justifiably rely on any alleged misrepresentation of Defendants.

**Seventieth Defense**

70.     Plaintiffs' claims of misrepresentation are barred because any alleged misrepresentation on which Plaintiffs relied did not constitute a misrepresentation of material facts.

**Seventy-first Defense**

71.     Plaintiffs' claims for breach of warranty are barred in whole or in part by the Defendants' disclaimers.

**Seventy-second Defense**

72.     Plaintiffs' claims for breach of warranty are barred in whole or in part because they are not in privity with Defendants.

**Seventy-third Defense**

73.     Defendants assert the defenses of expiration, limitation, and exclusion to any applicable express or implied warranty, if any be proved.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

### Seventy-fourth Defense

2   74.    Plaintiffs' claims are barred in whole or in part because any warranties, if made, are

3   excluded through course of dealing, course of performance and/or usage of trade.

4

### Seventy-fifth Defense

5   75.    Plaintiffs have failed to allege conduct warranting imposition of punitive damages under

6   Texas law.

7

### Seventy-sixth Defense

8   76.    The standards in Texas governing the award and review of damages for non-pecuniary

9   damages, including damages for mental anguish and pain and suffering, are impermissibly

10  vague or simply non-existent, and are inadequate to ensure that such awards do not include

11  amounts intended as exemplary damages, which are impermissible in a compensatory damages

12  award.

13

### Seventy-seventh Defense

14  77.    Plaintiffs' claims for punitive or exemplary damages are subject to the limitations and

15  requirements of Chapter 41 of the Texas Civil Practice and Remedies Code, including the cap

16  on exemplary damages set out in Section 41.008(b).

17

### Seventy-eighth Defense

18  78.    Because of the lack of clear standards, the imposition of punitive damages against

19  Defendants is unconstitutionally vague and/or overbroad.

20

### Seventy-ninth Defense

21  79.    No act or omission of Defendants was malicious, willful, wanton, reckless or grossly

22  negligent and, therefore, any award of punitive damages is barred.

23

### Eightieth Defense

24  80.    Defendants reserve the right to supplement their assertion of defenses as they continue

25  with their factual investigation of Plaintiffs' claims.

26

### V.

27

### PRAYER

28  WHEREFORE, Defendants pray for judgment as follows:

1.      That Plaintiffs take nothing from Defendants by reason of the Complaint;

2.      That the Complaint be dismissed;

3.      That Defendants be awarded their costs for this lawsuit;

4.      That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiffs' alleged injuries, losses or damages is attributable to each person;

5.      That any judgment for damages against Defendants in favor of Plaintiffs be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiffs' injuries and damages; and

6.      That Defendants have such other and further relief as the Court deems appropriate.

August 7, 2007                          GORDON & REES LLP


                                        By: :_____/s/_____
                                            Stuart M. Gordon
                                            sgordon@gordonrees.com
                                            Embarcadero Center West
                                            275 Battery Street, 20th Floor
                                            San Francisco, CA 94111
                                            Telephone:  (415) 986-5900
                                            Fax:  (415) 986-8054


August 7, 2007                          TUCKER ELLIS & WEST LLP


                                        By: :_____/s/_____
                                            Michael C. Zellers
                                            michael.zellers@tuckerellis.com
                                            515 South Flower Street, Suite 4200
                                            Los Angeles, CA 90071
                                            Telephone:  (213) 430-3400
                                            Fax:  (213) 430-3409

                                            Attorneys for Defendants
                                            PFIZER INC, PHARMACIA
                                            CORPORATION, and G.D. SEARLE
                                            LLC

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1

**JURY DEMAND**

2        Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a

3    trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4    Procedure.

5    August 7, 2007                                    GORDON & REES LLP

6

7                                                      By: :_____/s/_____
                                                           Stuart M. Gordon
8                                                          sgordon@gordonrees.com
                                                           Embarcadero Center West
9                                                          275 Battery Street, 20th Floor
                                                           San Francisco, CA  94111
10                                                         Telephone:  (415) 986-5900
                                                           Fax:  (415) 986-8054
11

12   August 7, 2007                                    TUCKER ELLIS & WEST LLP

13

14                                                     By: :_____/s/_____
                                                           Michael C. Zellers
15                                                         michael.zellers@tuckerellis.com
                                                           515 South Flower Street, Suite 4200
16                                                         Los Angeles, CA 90071
                                                           Telephone:  (213) 430-3400
17                                                         Fax:  (213) 430-3409

18                                                     Attorneys for Defendants
                                                       PFIZER INC, PHARMACIA
19                                                     CORPORATION, and G.D. SEARLE
                                                       LLC
20

21

22

23

24

25

26

27

28

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*